PEOPLE *v.* DARWIN BROWN

1. Criminal Law—Jury Instruction—Waiver of Objection.
   Defendant tried for first-degree murder, by failing to object to jury instructions, waived any error in the instructions absent a showing of substantial injustice (CL 1948, § 768.29; GCR 1963, 516.2).

2. Appeal and Error—Charge to Jury—Misstatement—Substantially Correct Instructions.
   Misstatements by a trial judge to a jury that premeditation or deliberation are elements of first-degree murder will not be deemed prejudicial error when the information is read to the jury and it has the correct statement of the two elements, premeditation and deliberation, and when the instructions read as a whole indicate that both elements are necessary for conviction (CL 1948, § 767.45).

Appeal from Recorder's Court of Detroit, Brennan (Vincent J.), J.   Submitted Division 1 December 9, 1968, at Detroit.   (Docket No. 3,734.)   Decided December 20, 1968.   Rehearing denied January 29, 1969.   Leave to appeal denied July 8, 1969.   See 382 Mich 768.

Darwin Brown was convicted of first-degree murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

References for Points in Headnotes
[1] 53 Am Jur, Trial § 827.
[2] 53 Am Jur, Trial §§ 554–556.

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*George E. Lee,* for defendant.

PER CURIAM. Following a conviction for first-degree murder, CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548), defendant submitted the present appeal alleging error in the jury instructions. He claims that the trial judge on three occasions misstated requisite elements of first-degree murder as premeditation *or* deliberation, rather than the proper phraseology of premeditation *and* deliberation. Defendant is correct; the two elements were incorrectly disjuncted with "or" rather than correctly conjuncted with "and" in three instances within the jury instructions. However, we affirm the conviction for two reasons:

(1) Although adequate opportunity was provided, defendant did not object to the jury instructions as given. Consequently, defendant waived any error committed absent a showing of substantial injustice. GCR 1963, 516.2; CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052); *People* v. *Dexter* (1967), 6 Mich App 247; *People* v. *Cassiday* (1966), 4 Mich App 215.

(2) The three tongue slips occurred within an expansive set of jury instructions which included a reading of the information that correctly stated the elements of first-degree murder in compliance with state statutes and case law. CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985); CL 1948, § 767.71 (Stat Ann 1954 Rev § 28.1011); *People* v. *Quicksall* (1948), 322 Mich 351; *People* v. *Roberts* (1920), 211 Mich 187. The jury instructions included correct statements of the two elements, and when read as a whole their

emphasis gives the impression that both elements are necessary. *People* v. *Serra* (1942), 301 Mich 124. Therefore, the instructions did not impress the proceedings with substantial injustice.

Affirmed.

McGREGOR, P. J., and FITZGERALD and CYNAR, JJ., concurred.