PEOPLE *v.* McBRIDE

1. HOMICIDE—MURDER—MALICE—DEFINITION.

Malice in the crime of murder requires an intent to cause the very harm that results or some harm of the same general nature, or an act done in wanton or wilful disregard of the plain and strong likelihood that some such harm will result in the absence of any circumstance of justification, excuse, or recognized mitigation.

2. CRIMINAL LAW—CAUSATION—PRESUMPTION.

A criminal defendant is presumed to have intended the usual consequences which accompany the use of the means employed in the manner employed.

3. HOMICIDE—SECOND-DEGREE MURDER—MALICE—INFERRED.

The malice and felonious intent required for second-degree murder can be inferred from the totality of the circumstances as disclosed by the testimony.

4. HOMICIDE—SECOND-DEGREE MURDER—MALICE—EVIDENCE.

Evidence consisting of the defendant's testimony that he was "tussling" with his wife, the murder victim, when the gun he had accidentally went off, killing his wife, testimony that the defendant had argued with his wife and had gone into the bedroom to get a gun and returned with it, and a ballistics expert's testimony that the gun had to be at a distance of 18 inches or more from the victim when fired, thus, refuting the defendant's claim that he was "tussling" with his wife at the time the gun discharged, and the expert's testimony that, from the angle of the bullet, the defendant must have pushed his wife away before firing the gun was sufficient to show defendant's malice and felonious intent and to support a verdict of second-degree murder.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  40 Am Jur 2d, Homicide § 50.
[2]  21 Am Jur 2d, Criminal Law §§ 82, 83, 86.
[3, 4]  40 Am Jur 2d, Homicide § 53.

Appeal from Muskegon, John H. Piercey, J.  Submitted Division 3 January 7, 1971, at Grand Rapids. (Docket No. 8692.)  Decided January 27, 1971.

James McBride was convicted of second-degree murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Gerald D. Warner,* Assistant Prosecuting Attorney, for the people.

*O'Toole & Johnson,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM.  Defendant was charged with murder in the first degree and, in a non-jury decision, convicted of second-degree murder.  CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).  The testimony showed that on July 4, 1969, sometime after 10:30 p.m., defendant and his wife started arguing about some money which he had requested from her, so he could go and take his "other woman" out and which she refused to give him.  Her refusal angered him and he went into the bedroom and returned with a pistol which discharged, ultimately killing his wife.

On appeal, defendant contends that he and his wife were tussling and that the shooting was accidental and that, therefore, the elements of malice and intent to kill were not present, which elements would be necessary to warrant a finding of a second-degree murder.

The element of malice in the crime of murder has recently been defined in *People* v. *Hansen* (1962), 368 Mich 344, 350:

"Malice requires an intent to cause the very harm that results or some harm of the same general nature, or an act done in wanton or wilful disregard of the plain and strong likelihood that some such harm will result. It requires also on the negative side the absence of any circumstance of justification, excuse, or recognized mitigation."

It is axiomatic that the law presumes every person to intend the usual consequences which accompany the use of the means employed in the manner employed. *People* v. *Hodges* (1917), 196 Mich 546, 551, later cited with approval in *People* v. *Medley* (1954), 339 Mich 486. Here, the testimony of a ballistics expert tended to refute defendant's contention that they were engaged in "tussling" at the time of the shooting. The ballistics expert testified that the gun had to be at a distance of 18 inches or more when fired; furthermore, testimony concerning the angle of the bullet passing through the body indicated that defendant must have pushed his wife away prior to the firing of the gun. The malice and felonious intent required for second-degree murder can be inferred from the totality of the circumstances as disclosed by the testimony.

The trial judge, as trier of fact, found from the evidence before him that the defendant was guilty of second-degree murder beyond a reasonable doubt. The trial records and transcript support such a finding. *People* v. *Moss* (1969), 16 Mich App 295.

Affirmed.