PEOPLE *v.* NELSON

1. Homicide — Defenses — Self-Defense — Retreat — Instructions to Jury.

     Instruction to the jury that a necessary element of the defense of self-defense is that there must have been *some* way open for the defendant to retreat did not require reversal of the defendant's conviction of second-degree murder where defense counsel made no objection to the instruction when given and where it was unlikely that the jury could have been misled by the incorrect statement because the misstatement occurred after a previous correct instruction that there must have been *no* way open and an explanation to the jury of the logic of the rule.

2. Criminal Law—Intent—Natural Consequence—Presumptions.

     The law presumes that a criminal defendant intends the natural consequences of his voluntary actions.

3. Homicide—Murder—Malice—Inferences.

     Malice may be found, by inference, from the defendant's shooting his victim through the heart.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 June 16, 1971, at Detroit. (Docket No. 9902.)   Decided July 28, 1971.   Leave to appeal denied, 386 Mich 769.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    40 Am Jur 2d, Homicide §§ 519–521.
[2] 21 Am Jur 2d, Criminal Law §§ 82, 83, 86.
[3] 40 Am Jur 2d, Homicide §§ 264, 267, 269.

Rocky Nelson was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

PER CURIAM. Charged with murder in the first degree[1] defendant was convicted of murder in the second degree[2] on February 10, 1970, after a four-day jury trial. After being sentenced to a prison term of from 40 to 50 years, defendant presents this appeal as of right.

The facts concern an argument between defendant and deceased over an alleged one-dollar "side bet" in a crap game at 2709 Bonbright in Flint. Deceased took off his shirt, showing off his 6 foot, 5 inch, 270 pound, muscular build, and then let fly with a fist which instantly floored defendant. Defendant wisely decided that it was a good time to leave, and walked out to his car. Unwisely, he picked up a pistol he had concealed under the hood. When deceased came outside and confronted defendant beside his car, defendant shot him through the heart. Deceased spun, and defendant shot him in the back. Deceased fell and defendant pistol-whipped him across the forehead.

Testimony adduced at trial was in conflict as to the relative positions of defendant and deceased,

---

[1] MCLA § 750.316 (Stat Ann 1971 Cum Supp § 28.548).
[2] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

possible threats uttered, and whether deceased appeared to be armed or appeared to be threatening defendant with physical harm. The jury chose not to believe defendant's claim of self-defense.

An important factor at trial was whether or not defendant could have retreated in order to save himself from any threatened danger without inflicting mortal injury. Twice in closing argument and rebuttal the assistant prosecutor emphasized defendant's duty to retreat so long as the opportunity to do so presented itself. In his instructions to the jury, the learned trial judge correctly stated that one necessary element of self-defense is "that there must have been no way open whereby he could have retreated". However, at a later point in time, upon giving an added instruction requested by defendant, the court reiterated the above element, but in doing so misstated the instruction as follows: "that there must have been some way open whereby he could have retreated". This misstatement is error, but the defendant did not object at trial, but, rather, presents it for our consideration upon appeal.

This Court will not reverse on the basis of an error which was not objected to at trial unless manifest injustice would otherwise result. GCR 1963, 516.2, and *People* v. *McClure* (1971), 29 Mich App 361. We conclude it is unlikely that the court's misstatement misled the jury which was previously correctly instructed and to whom had been explained the logic of the rule. As in *People* v. *Darwin Brown* (1968), 15 Mich App 50, any error which existed was harmless.

Defendant also contends that insufficient evidence was adduced at trial to support the jury's finding of malice so as to sustain his conviction of second-degree murder. Such a contention cannot be sustained on this record.

The law presumes that an individual intends the natural consequences of his voluntary actions. It is natural to intend another's death by shooting a bullet through his heart. Such consequences, under our legal system, permit the finders of fact to infer the existence of malice in the mind of the principal actor. See *People* v. *McBride* (1971), 30 Mich App 201, and *People* v. *Berles* (1971), 30 Mich App 716.

Affirmed.