PEOPLE v DOUGLAS

1. APPEAL AND ERROR—CRIMINAL LAW—COMPETENCE TO WAIVE
   RIGHTS—EVIDENCE OUTSIDE RECORD—COURT RULES.

   A trial court's finding that a defendant had waived his Miranda
   rights and voluntarily made a statement was proper where
   amply supported by the evidence; files of the Center for Foren-
   sic Psychiatry regarding the defendant, which are neither a
   part of the record nor certified pursuant to court rule, and
   which the defendant alleges bear upon his claim of incompe-
   tency, will not be considered by the Court of Appeals, particu-
   larly where the record indicates that the psychiatric evidence
   available does not support the defendant's claim of incompe-
   tence to waive his rights and voluntarily make a statement
   (GCR 1963, 811, 812).

2. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—
   MANIFEST INJUSTICE.

   Alleged errors in jury instructions will be reviewed by the Court
   of Appeals only where there is manifest injustice where no
   objection was made at trial.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—MISSTATEMENTS—BURDEN
   OF PROOF.

   Jury instructions must be examined as a whole rather than in
   small excerpts, and no manifest injustice resulted from a trial
   judge's inadvertant misstatement regarding a presumption of
   guilt where the instruction clearly explained that the burden
   was on the people to establish the defendant's guilt beyond a
   reasonable doubt.

Appeal from Washtenaw, Edward D. Deake, J.
Submitted February 3, 1977, at Lansing. (Docket
Nos. 22507, 22508.) Decided May 2, 1977.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 235, 236.
  28 Am Jur 2d, Estoppel and Waiver §§ 157, 158.
[2] 5 Am Jur 2d, Appeal and Error § 891.
[3] 75 Am Jur 2d, Trial § 627.

Lemuel R. Douglas, Jr., was convicted of armed robbery and rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant.

Before: D. C. RILEY, P. J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. In this case a jury convicted defendant of armed robbery contrary to MCLA 750.529; MSA 28.797 and rape contrary to MCLA 750.520; MSA 28.788. Defendant was sentenced to not less than 8 years nor more than 20 years on each charge, the sentences to run concurrently, after which he appeals as of right asserting a variety of alleged errors.

The record contains evidence that on July 24, 1973, defendant seized a 19-year-old woman who was a stranger to him, threw her to the ground, took money from her purse after threatening her with a knife, which knife was admitted into evidence, and raped her twice. Defendant denied robbing the woman and claimed she was a willing sexual partner whose boyfriend was unable to satisfy her.

First, defendant claims the trial court erred in permitting a police detective to testify regarding a confession made by defendant on July 24, 1973, shortly after the events which give rise to these proceedings. The record indicates that on September 30, 1974, the date set for trial, defense counsel requested a *Walker* hearing. *People v Walker (On*

*Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).
His motion was granted, and a *Walker* hearing
held. Defendant offered his own testimony that he
did not remember making a statement, although
he claimed to remember being asked to sign some-
thing and refusing. Defendant also submitted into
evidence his probate mental health file which
indicated that after a suicide attempt on July 25,
1973, the probate judge committed him as an
alleged mentally ill person under a five day tempo-
rary detention order based upon two physicians'
certificates. The prosecution offered the testimony
of the police detective that he had previously
known defendant, that defendant was alert and
did not appear to be in a state of mental distress,
that he read defendant his *Miranda*[1] rights, and
that defendant waived his *Miranda* rights and
voluntarily told him what had happened. The
defense claimed that defendant was so mentally ill
that he was mentally incapable of either waiving
his *Miranda* rights or "voluntarily" making a
statement. The trial judge rejected defendant's
arguments and ruled the statement admissible in
evidence at trial. On appeal, defendant asserts the
trial judge's ruling constituted an abuse of his
discretion and that since improper admission in
evidence of a statement is never harmless error,
his conviction should be reversed. In support of his
claim, defendant cites *People v Stanis*, 41 Mich
App 565; 200 NW2d 473 (1972). Defendant would
interpret *Stanis* to include review by this Court of
the entire file of the Center for Forensic Psychia-
try regarding defendant, even though this material
had never been offered or admitted into evidence
and made part of the record. Neither was it certi-

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10
ALR3d 974 (1966).

fied pursuant to GCR 1963, 811 and 812. Of course, this is *not* what was meant by "totality of circumstances" in *Stanis. People v Stanis, supra,* 578. In *Stanis,* various psychiatrists were called as witnesses. In the within case, no psychiatrist was called as a witness at the *Walker* hearing, even though defendant's defense against admission into evidence of the statement was entirely based upon his alleged mental incompetency.

Careful review of this file indicates the explanation why defendant did not call a psychiatrist or psychiatrists to testify at the *Walker* hearing. Similarly, answer is had to the obvious question as to why, if defendant was, as he claims, mentally incompetent to waive his *Miranda* rights and to give a statement "voluntarily" on July 24, 1973, he did not plead not guilty by reason of insanity to the rape and armed robbery which allegedly occurred on that same day, July 24, 1973. The file indicates that on June 6, 1974, defendant petitioned the trial court for production of the records of the Center for Forensic Psychiatry for the purpose of making them available to a well-known psychiatrist of outstanding reputation "to examine and evaluate the defendant regarding the possibility of an insanity defense". The trial record indicates that defense counsel very properly and, perhaps, to protect himself professionally, told the trial judge in the absence of the jury as follows:

"I am not making this for any purpose other than I would like a record of it, and it was a tactical decision by defense counsel as to the method of proceeding in this case. After consultation with the defendant, I think to protect his rights and really so there is a record of what we have done, I would like the record to reflect that defense counsel retained Physician Dr. Herbert A. Raskin, M.D., to examine the defendant concerning the

availability of any psychiatric defense. Dr. Raskin did examine the defendant and reported back to defense counsel, and partially in this written report I would like to quote. I'm not saying that either I or Mr. Douglas agree with this statement, but this is Dr. Raskin's opinion, 'Even though Mr. Douglas is psychiatrically ill and clinical indications exist for the initiation of psychiatric treatment, in terms of the criteria for the test of criminal responsibility as applicable in Michigan, there exists no valid psychiatric basis for the initiation of the legal defense of not guilty by reason of insanity. ' "

Thus, it is clear that while defense counsel did his job, the psychiatric advice available to him, and it came from a psychiatrist whose professional qualifications are not only impeccable, but whose opinions are obviously not for sale, simply does not support either a plea of not guilty by reason of insanity or a claim that defendant was not mentally competent to waive his *Miranda* rights and to "voluntarily" make a statement.

On the record before him there was ample evidence to support the trial judge's finding that defendant waived his *Miranda* rights and "voluntarily" made a statement. As previously indicated, this Court does not believe evidence outside of the record may properly be considered on appeal; at least not in the context offered here. Consequently, we reject consideration of the forensic psychiatry "raw files", but, if we did consider them, the totality of circumstances would have to include the representations of defense counsel to the trial judge and the evidence would, consequently, support the trial judge's *Walker* hearing findings.

Second, on appeal, defendant claims error in the trial court's instructions to the jury. At trial, defendant made no objection to any of the matters claimed on appeal to be error. Where no objection

is made at trial, we only review alleged errors in jury instructions where there is "manifest injustice". GCR 1963, 516.2; *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972). Among other things, the trial court stated:

"The mere fact that he is here on trial, that he has been arrested, and brought into court by the ordinary criminal process should not be considered by you as in any way to erase the *presumption that he is guilty."* (Emphasis added.)

Obviously, this was an inadvertent misstatement by the judge. Equally obvious is the fact that nobody caught it at trial, as no objection was made. It might be argued that if neither the judge nor the attorneys caught such an obvious misstatement, that it was also lost on the jurors. The general rule is that jury instructions must be examined as a whole rather than in small excerpts. *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973); *People v Spaulding, supra,* 496. Shortly following the misstatement the judge added:

"Remember the burden of establishing the guilt of the accused is upon the People, and in order to justify you as jurors and *[sic]* rendering a verdict of guilty, it must be proven beyond a reasonable doubt that this defendant has committed the offense charged herein * * * ."

In *People v Nelson,* 35 Mich App 368, 370; 192 NW2d 682 (1971), the Court states:

"it is unlikely that the court's misstatement misled the jury which was previously correctly instructed and to whom had been explained the logic of the rule. As in *People v Darwin Brown,* 15 Mich App 50 [166 NW2d 7] (1968), any error which existed was harmless."

Consistent with *Nelson,* we find that no manifest injustice arose from the trial judge's inadvertant mistake.

The remaining errors asserted by defendant are without merit.

Affirmed.