PEOPLE v PAYNE

Docket No. 77-4108. Submitted May 15, 1979, at Detroit.—Decided
June 19, 1979.

Larry W. Payne was convicted of five counts of first-degree
criminal sexual conduct and one count of assault with intent to
commit criminal sexual conduct, St. Clair Circuit Court, Ernest
F. Oppliger, J. The charges arose from an incident in which the
defendant beat the complainant and then repeatedly assaulted
her sexually. Defendant appeals. *Held:*

1. The injuries inflicted in the beating were the means of
coercion for the first act of criminal sexual conduct and support
one conviction of first-degree criminal sexual conduct. The
subsequent acts of the defendant were not accompanied by
further injury, however, and the initial injuries may not be
used to support convictions of first-degree criminal sexual con-
duct for those subsequent acts. Four of those convictions, there-
fore, are reduced to third-degree criminal sexual conduct.

2. The defendant requested instructions to the jury on aggra-
vated assault, indecent exposure, and assault with intent to
commit great bodily harm less than murder. The trial court
declined to give these instructions. Instructions on aggravated
assault and indecent exposure were unnecessary because those
crimes are punishable by less than one year of incarceration.
Refusal to instruct on assault with intent to do great bodily
harm less than murder was not error because that offense is
not a lesser included offense of the crime charged, first-degree
criminal sexual conduct.

3. A trial court need not instruct the jury on all elements of

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape § 112.
[2] 65 Am Jur 2d, Rape § 110.
[3, 8] 65 Am Jur 2d, Rape §§ 20-22.
[4] 41 Am Jur 2d, Indictment and Information § 97.
[5] 75 Am Jur 2d, Trial § 716.
[6] 65 Am Jur 2d, Rape § 108.
[7] 65 Am Jur 2d, Rape § 107.
  Requiring complaining witness in prosecution for sex crime to
  submit to psychiatric examination. 18 ALR3d 1433.

criminal sexual conduct for each individual count of the same degree of criminal sexual conduct with which a defendant is charged.

4. The trial court's instructions regarding the difference between penetration and contact and regarding consent were sufficient and not erroneous.

5. The trial court's refusal to order a psychiatric examination of the complainant was not an abuse of discretion.

One conviction of first-degree criminal sexual conduct and the conviction of assault with intent to commit criminal sexual conduct are affirmed. The other four convictions of first-degree criminal sexual conduct are vacated and reduced to convictions of third-degree criminal sexual conduct. Remanded for resentencing.

N. J. KAUFMAN, P.J., concurred, except that he would affirm four of the convictions of first-degree criminal sexual conduct which represent acts of the defendant immediately following the beating of the complainant. Those acts, during which the defendant maintained a physical hold on the complainant, constituted a series of sexual assaults which were induced by the beating. The fifth conviction of first-degree criminal sexual conduct, which represents an act which occurred during a second series of assaults, should properly be reduced to third-degree criminal sexual conduct. The conviction of assault with intent to commit criminal sexual conduct is proper.

OPINION OF THE COURT

1. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — INJURIES — STATUTES.

A defendant who administered a beating to a victim and followed this with a series of sexual assaults was erroneously convicted of five counts of first-degree criminal sexual conduct; the injuries inflicted in the beating support a conviction of first-degree criminal sexual conduct for the first assault, but cannot be transferred to the following assaults to provide the element of injury sufficient to raise the assaults from third-degree to first-degree criminal sexual conduct (MCL 750.520b[1][f], 750.520d[1][b]; MSA 28.788[2][1][f], 28.788[4][1][b]).

2. CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER CRIMES.

An instruction on lesser crimes carrying penalties of imprisonment for one year or less need not be given a jury where the crime charged is a felony carrying a penalty of imprisonment for two years or more.

3. CRIMINAL LAW — LESSER INCLUDED OFFENSES — FIRST-DEGREE
   CRIMINAL SEXUAL CONDUCT — ASSAULT WITH INTENT TO HARM.

   Assault with intent to do great bodily harm less than murder is
   not a lesser included offense of first-degree criminal sexual
   conduct; it is a different type of offense and protects a different
   societal interest than the offense of criminal sexual conduct.

4. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE OF-
   FENSES.

   A cognate lesser included offense is one which shares several
   elements with and is of the same class or category as the
   greater offense; if the primary offense charged gives a defen-
   dant fair notice that he may have to defend against a certain
   lesser offense, that lesser offense may be an included lesser
   offense of the offense charged.

5. CRIMINAL LAW — INSTRUCTIONS TO JURY — REVERSIBLE ERROR —
   MANIFEST INJUSTICE.

   A jury charge is to be read as a whole and in the absence of
   objection reversal based upon an erroneous instruction will not
   be required unless the error would result in manifest injustice.

6. RAPE — INSTRUCTIONS TO JURY — CONSENT.

   There is no requirement that a trial court instruct a jury on
   consent in a criminal sexual conduct case.

7. RAPE — COMPLAINING WITNESS — PSYCHIATRIC EXAMINATIONS.

   A psychiatric examination of a complaining witness in a criminal
   sexual conduct case may be ordered in certain cases, but there
   must be a compelling reason to do so.

PARTIAL CONCURRENCE BY N. J. KAUFMAN, P.J.

8. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — THIRD-DE-
   GREE CRIMINAL SEXUAL CONDUCT — INJURIES — STATUTES.

   *A defendant who beat his victim and then repeatedly sexually
   assaulted her may be convicted of first-degree criminal sexual
   conduct for each of the sexual assaults where he maintained
   his hold on the victim throughout the series of sexual assaults,
   plainly indicating his intention to continue the attack, because
   the injuries inflicted were the means of coercion for the entire
   series of sexual assaults; the injuries cannot, however, be used
   to elevate another sexual act from third-degree to first-degree
   criminal sexual conduct where that act occurred after the
   defendant had released the victim from his grasp for a time*

*before renewing his sexual attack (MCL 750.520b[1][f], 750.520d[1][b]; MSA 28.788[2][1][f], 28.788[4][1][b]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, and *Nora J. Pasman,* Research Attorney, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and ALLEN and K. B. GLASER, JR.,* JJ.

ALLEN, J. Defendant appeals his April 26, 1977, jury conviction on five counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and one count of assault with intent to commit criminal sexual conduct, MCL 750.520g; MSA 28.788(7). Defendant was charged with seven counts of CSC I. Counts 1, 2 and 3 charged vaginal intercourse, counts 4 and 5 charged fellatio, count 6 charged anal intercourse, and count 7 charged cunnilingus. Count 3 was dropped, and the jury returned a verdict of the lesser assault offense in count 6. Defendant was sentenced to life imprisonment on each of the five CSC I convictions and was sentenced to 6 to 10 years in prison for the assault conviction. Defendant's appeal is of right.

The acts of sexual conduct occurred during the morning hours of September 18, 1976. The complainant testified that she had been extremely intoxicated when she went to bed. She was awakened by someone in bed with her whom she identified as defendant and whom she had never met before. The complainant attempted to escape but

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was dragged back to the bedroom and beaten severely about the face. She then submitted to her assailant. The complainant submitted to subsequent sexual acts out of fear of further injury. There was no further beating or injury, however, defendant did maintain a hold on complainant's arm between acts, even when she used the bathroom. The complainant did make at least one unsuccessful attempt to escape during the attack upon her.

Due to the way the case was presented to the jury the major issues at trial were (1) whether the acts were done with the consent of the complainant, and (2) the credibility of the defendant and the complainant. The defendant testified that he was intoxicated in the early morning hours of September 18, 1976, and was walking by the house where complainant was staying when complainant's brother invited him in for a beer and then offered defendant his sister as well.[1] According to defendant, complainant consented to several sexual acts. He and complainant then had an altercation, thus explaining the beating of complainant. They soon resolved their differences and had additional sexual relations.

I.

One of the elements of the type of first-degree criminal sexual conduct defendant was charged with and convicted of is personal injury to the victim.[2] In this case we are presented with injuries that occurred prior to and as the means of coer-

---

[1] Complainant's brother did not remember any of what defendant testified about. Complainant's brother had gone to sleep on the couch after heavy drinking. He and complainant testified that he was "out cold" during the entire assault.

[2] MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

cion for the first act of criminal sexual conduct. The injuries readily support the jury's verdict of CSC I for the first count, but confront us with the question, apparently of first impression, of whether these same injuries can be transferred to the subsequent sexual acts in order to meet the element of personal injury in CSC I. We think not.

What the prosecution showed by the evidence it submitted to the jury was one act of CSC I and five acts of CSC III (except for one instance where the jury found a lesser offense). Third-degree sexual conduct,[3] in this case, is simply the sexual assault through force or coercion but without the injury. And this is what took place in all but the first attack. The initial beating affects the latter assaults in that it is part of the force or coercion through which defendant accomplished his assault. The use of the beating in this manner in these subsequent assaults is acceptable since there were additional instances of fear associated with each additional assault. But there were no additional injuries associated with the latter assaults. Holding on to the complainant's arm between acts did not create an injury sufficient to raise the assault from CSC III to CSC I.

The Legislature included the highest possible punishment in this state in the penalty provision for first-degree criminal sexual conduct. Before this penalty may be imposed the prosecutor must show all of the elements of the crime. To the extent certain elements are lacking, the offender does not go unpunished; rather, he is punished according to the lesser crime committed. In the instant case, defendant was convicted five times of CSC I and was sentenced five times to the maximum penalty of life in prison. Yet all of the

---

[3] MCL 750.520d(1)(b); MSA 28.788(4)(1)(b).

elements of CSC I were shown only once. Only the first count can carry a conviction of CSC I; the other counts, having no evidence to support the injury element[4] but having evidence to support all elements of CSC III and having a jury verdict which found all of those elements, must be reduced to convictions of third-degree sexual conduct. The accompanying punishments are to be commensurate with the actions of defendant and the penalties intended by the Legislature.

## II.

The second issue of first impression in this case concerns lesser included offenses. The jury was instructed on CSC I, II, III, IV, assault with intent to commit sexual conduct,[5] and gross indecency.[6] Defendant had requested further instructions on assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, aggravated assault, MCL 750.81a; MSA 28.276(1), and indecent exposure, MCL 750.335a; MSA 28.567(1), but the court declined to instruct on these crimes. It was unnecessary to instruct on aggravated assault or indecent exposure since those crimes carry a penalty of one year or less and do not approach the seriousness of the charged offense.

---

[4] On appeal the prosecution suggests that during the four additional sexual acts the complainant suffered mental injury sufficient to support the personal injury requirement of CSC I. While mental injury may constitute personal injury, MCL 750.520a(f); MSA 28.788(1)(f), our review of the record shows that this theory was not presented to the jury and consequently defendant had no real opportunity to defend against it. We note in passing that this raises the significant issue as to just how much or what type of mental injury is required to support a CSC I conviction. There is some distress in any sexual assault and yet there must still be a distinction between the various degrees.

[5] MCL 750.520g; MSA 28.788(7).

[6] MCL 750.338b; MSA 28.570(2).

*People v Chamblis,* 395 Mich 408, 429; 236 NW2d
473 (1975). The *Chamblis* rule as to these lesser
crimes continues in good standing. *People v Miller,*
406 Mich. 244; 277 NW2d 630 (1979).

Although the assault with intent to injure of-
fense does not fall within the *Chamblis* rule, there
was no error in refusing to instruct on it either.
This is so because assault with intent to do great
bodily harm less than murder is not a lesser
included offense of first-degree criminal sexual
conduct. It is clearly not a necessarily lesser in-
cluded offense since CSC I can be committed with-
out committing the offense of assault with intent
to injure less than murder. *People v Ora Jones,*
395 Mich 379, 387; 236 NW2d 461 (1975).

To be a cognate lesser offense the two crimes
must share several elements and be of the same
class or category. *People v Ora Jones, supra,* at
387. If the primary offense gives fair notice that a
defendant may have to defend against a certain
lesser offense, then that lesser offense may be an
included lesser offense. *People v Ora Jones, supra,*
at 388, *People v Chamblis, supra,* at 418, *People v
Green,* 86 Mich App 142, 148-149; 272 NW2d 216
(1978). A lesser included offense will have a com-
mon statutory purpose protecting the same socie-
tal interests as the greater offense. *People v Ora
Jones, supra,* at 389, *People v Green, supra,* at 149.
When dealing with a cognate lesser offense the
evidence adduced at trial must support a convic-
tion on that offense. *People v Ora Jones, supra,* at
390, *People v Chamblis, supra,* at 423-424.

Except for having certain elements in common
with criminal sexual conduct, assault with intent
to do great bodily harm less than murder meets
none of the requirements for a lesser included
offense. Criminal sexual conduct is a distinct type
of assaultive offense. The Legislature has gone to

great lengths to carve out sexual assaults from other types of assaults. Society views sexual assaults as particularly heinous and the Legislature has determined punishments for the various types of criminal sexual conduct. There is a specific "assault" crime associated with criminal sexual conduct. With this statutory backdrop, we find that assault with intent to do great bodily harm less than murder is a different type of offense than and protects a different societal interest than criminal sexual conduct, and hence it is not a lesser offense of criminal sexual conduct.

It is highly doubtful that when defendant was charged with sexual offenses he was fairly placed on notice to defend against general assault charges. The evidence adduced at trial indicated much more of an intent on the part of defendant to commit sexual acts than to do great bodily harm less than murder. The lesser assault charge in this case was the criminal sexual assault charge, and this was given. The evidence was not presented to the jury on the basis of assault with intent to do great bodily harm less than murder. Defendant contends that his theory of the case suggests nonsexual assault. But defendant is now, in effect, asking for an instruction on a crime he was never charged with (i.e., assault) and therefore, under this analysis, there is no greater offense from which there can be lesser offenses and hence there is no right to have an instruction on such a "lesser" offense.[7]

---

[7] Also supporting our conclusion that the assault charge was not a lesser offense of the charged CSC I is the fact that it was within the prosecutor's discretion to charge defendant with the assault charge itself. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 682-683; 194 NW2d 693 (1972). Of course, in this case we need not decide the potential additional issue of whether a defendant could be charged with both an assault and CSC I where the same injury is used to support both charges.

III.

Defendant's remaining issues merit considerably less discussion.

There is no merit in defendant's contention that the court must instruct on all elements of criminal sexual conduct for each individual count of criminal sexual conduct. A jury charge is read as a whole, *People v Khan,* 80 Mich App 605; 264 NW2d 360 (1978), and in the absence of objection will not require reversal unless there is manifest injustice. GCR 1963, 516.2; *People v Douglas,* 75 Mich App 241; 254 NW2d 856 (1977). There is no question the court properly instructed on the elements of the possible verdicts and made it clear that the elements applied to each count. There was also a verdict form given to each juror which listed each possible verdict and its elements for each count. Defendant is, in effect, asking for six charges to the jury. This would be unnecessarily cumbersome and a poor administration of justice.

The court's instructions on CSC I were basically the same as those recommended in CJI 20:2:01, CJI 20:2:02, and CJI 20:2:11. These instructions make it clear that some penetration is required for CSC I, and the court here so instructed. But in explaining oral sex the term "contact" is used.[8] Reading the instruction as a whole, and bearing in mind the lack of objection, we find that the jury was adequately and clearly apprised that first-degree sexual conduct requires penetration as opposed to mere contact. Our review of the instructions also shows that the jury was adequately apprised of the difference between penetration and contact with respect to all four degrees of CSC.

---

[8] "* * * that the act involved contact between the mouth of one party and the sex organs of the other * * *." CJI 20:2:02.

Defendant requested an instruction indicating if the jury found consent it must acquit defendant, and that the jury was dealing with "an accusation easily made and hard to be proved, and harder to be defended by the party accused" and should bear that in mind in considering consent. The court instructed:

"One of the elements in this case is whether or not there was consent on the part of the complaining witness * * *. In determining whether or not the complaining witness consented you may consider all of the testimony and evidence including the conduct of the complaining witness."

We know of no requirement that the court instruct on consent but, to the extent it did, the instruction given fairly covered the substance of the request and was sufficient. *People v McCrea,* 303 Mich 213, 255-256; 6 NW2d 489 (1942). Defendant's description of the "accusation" need not have been given because it was argumentative, and defendant's cases cited in support of it, *People v Smallwood,* 306 Mich 49; 10 NW2d 659 (1970), are distinguishable.

Finally, prior to trial defendant requested a psychiatric examination of the complaining witness. While such an examination apparently may be ordered in Michigan in certain cases,[9] it requires, at least, a compelling reason to do so. See, Anno: *Requiring complaining witness in prosecution for sex crime to submit to psychiatric examination,* 18 ALR3d 1433; 2 Wharton's Criminal Evidence (13th ed), § 378. In light of the ordeal the

[9] See *People v Freeman,* 402 Mich 930 (1978). Also, such a test might be ordered, in appropriate cases, under existing rules. GCR 1963, 311; MRE 702.

complaining witnesses in sex offense cases have sustained and will undergo at trial, a stringent standard controlling such tests is appropriate. In the instant case there was no evidence close to meeting a compelling reason standard. Hence, even if the trial court failed to understand its discretion, any error therefrom was harmless.

Defendant's first conviction for CSC I and his conviction for assault with intent to commit criminal sexual conduct are affirmed. Defendant's latter four convictions for CSC I are vacated and reduced to convictions for CSC III. Remanded for resentencing on the modified convictions.

K. B. GLASER, JR., J., concurred.

N. J. KAUFMAN, P.J. *(concurring in part, dissenting in part).* Judge ALLEN has done a fine job in this case of first impression and I fully agree with his resolution of all but the first issue. As to that issue, I would affirm the first-degree criminal sexual conduct convictions for Counts I, II, IV, and V; affirm the assault conviction for Count VI; and reduce the first-degree criminal sexual conduct conviction for Count VII to third-degree criminal sexual conduct. My determinations are based on the facts of this case.

Immediately after beating complainant, defendant had vaginal intercourse with her (Count I). Complainant then asked defendant if she could go to the bathroom. Defendant permitted this but held onto her. While in the bathroom, defendant made complainant perform fellatio (Count IV). Defendant maintained his physical hold on complainant, returned to the bedroom with her, and had vaginal intercourse with her (Count II). Thinking she could escape from defendant, complainant again asked to go to the bathroom. Defendant

accompanied her, held onto her and made her commit a second act of fellatio (Count V).

At that point, complainant ran out of the bathroom ahead of the defendant to the bedroom window. A secure window screen prevented her escape. Defendant pursued her and told her not to do anything stupid. Defendant put on his clothes, complainant put on a shirt and they sat in the dining room for a short time. Defendant gave complainant some ice water, discussed his desire to see her again, and secured her phone number.

Defendant then ordered complainant back into the bedroom, told her to remove her clothes, and performed cunnilingus (Count VII) and anal intercourse (Count VI) on her.

Defendant's assaults on the complainant can be divided into two criminal series. The first series began when defendant beat complainant and ended when complainant broke free from the defendant for a time, got partially dressed and sat in the dining room with defendant. The second series began when defendant ordered complainant back into the bedroom for the last two sexual assaults and ended when the assaults were completed.

As Judge ALLEN notes, one of the elements of first-degree criminal sexual conduct under MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) is personal injury to the victim. We all agree that the complainant's injuries support the jury's verdict of first-degree criminal sexual conduct on Count I. But the majority conclude that the injuries "occurred prior to and as the means of coercion for the first act of criminal sexual conduct" only. Under that interpretation of the facts, defendant's remaining convictions of first-degree criminal sexual conduct should be reduced to third-degree criminal sexual conduct.

In my view, however, the injuries occurred prior to and as the means of coercion for the first *series* of sexual assaults. By maintaining his hold on the complainant after the first, second and third assaults, defendant plainly indicated his intention to continue the attack. Therefore, there is no need to "transfer" the injuries to the second, third, and fourth sexual acts. Each of these assaults was part of the first series of acts which defendant sought to induce by the beating. For that reason, I would affirm the first-degree criminal sexual conduct convictions for Counts II, IV and V as well as Count I.

The jury found defendant guilty of assault with intent to commit criminal sexual conduct on Count VI and I have no difficulty affirming that verdict. The jury also found defendant guilty of first-degree criminal sexual conduct on Count VII. However, since this assault occurred in the second series of sexual acts, I agree with the majority that the initial beating cannot be used to prove personal injury and elevate that offense from third- to first-degree criminal sexual conduct.