PEOPLE v HARRIS

Docket No. 88600. Submitted November 5, 1986, at Detroit. Decided March 3, 1987.

Robert Harris was convicted following a jury trial in the Recorder's Court for the City of Detroit of first-degree criminal sexual conduct and second-degree criminal sexual conduct. The trial court, Warfield Moore, Jr., J., sentenced defendant to concurrent terms of from five to fifteen years in prison. Defendant appeals.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in determining that the six-year-old victim was competent to testify.

2. The prosecuting attorney made improper remarks vouching for the credibility of certain witnesses. Appellate review of this issue is precluded since defendant did not object to the remarks at trial or request a cautionary instruction and a miscarriage of justice did not occur.

3. The instructions given by the trial court were correct. The trial court correctly indicated that an act of cunnilingus involved by definition an act of sexual penetration.

4. There was nothing improper in the considerations the trial court used in determining the proper sentence and the reasons given justified the departure from the recommended range of the sentencing guidelines. The trial court properly exercised his discretion as to the determination of the proper sentence, and followed the procedural requirements of articulation on the record and on the sentencing information report of the reasons for deviation from the recommended range of the sentencing

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Rape §§ 1 *et seq.*

Am Jur 2d, Witnesses §§ 656 *et seq.*

Propriety and prejudicial effect of comments by counsel vouching for credibility of witness—state cases. 45 ALR4th 602.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

See also the annotations in the Index to Annotations under Appeal and Error.

guidelines. The sentence imposed does not shock the judicial conscience.

Affirmed.

1. WITNESSES — CREDIBILITY.

The credibility of a witness is an issue for the jury to decide.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — CREDIBILITY.

Comments by a prosecuting attorney wherein he vouches for the credibility of witnesses are improper.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL — PRESERVING QUESTION.

The absence of an objection at trial precludes appellate review of the prosecutor's improper statements regarding a witness' credibility unless failure to consider the issue would result in manifest injustice.

4. RAPE — CRIMINAL SEXUAL CONDUCT — SEXUAL PENETRATION — WORDS AND PHRASES.

Sexual penetration means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required (MCL 750.520a[1]; MSA 28.788[1]).

5. RAPE — CRIMINAL SEXUAL CONDUCT — WORDS AND PHRASES.

Sexual contact includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification (MCL 750.520a[k]; MSA 28.788[1][k]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Doyle Gause,* for defendant.

Before: Hood, P.J., and T. M. Burns and J. X. Theiler,* JJ.

Per Curiam. Defendant was convicted by a jury of two counts of criminal sexual conduct, one in the first degree, MCL 750.520b; MSA 28.788(2), and one in the second degree, MCL 750.520c; MSA 28.788(3). He was sentenced to concurrent terms of from five to fifteen years in prison. Defendant appeals from his convictions and sentence on four grounds. We affirm.

The testimony was to the effect that on March 20, 1985, the defendant was in the home of an ex-girlfriend, the mother of the victim here, and that on that occasion he engaged in sexual acts involving the ex-girlfriend's six-year-old daughter. The mother of the victim testified that she found the daughter and the defendant in a bedroom where he was engaged in a sexual act with the child, she threatened to kill him, and he left the premises. The incident was not reported by the mother until six weeks later. At that time, she gave the police the wrong date for the incident. At trial, she explained that the reason for the delay in reporting was that she was planning to kill the defendant and that she was concerned that she might lose custody of her child.

First, defendant argues that the trial court improperly permitted the six-year-old victim to testify. The court personally questioned the child, and the attorneys were given an opportunity to participate. The court did not abuse its discretion in determining that the child was competent to testify. The allegation that the testimony of the mother was inherently incredible has no effect on the child's competency and should not be considered when determining the child's competency.

* Circuit judge, sitting on the Court of Appeals by assignment.

The fact that the mother failed to make a report of the incident for six weeks only goes to the issue of the credibility of the witnesses. Credibility is an issue for the jury. *People v Buckey,* 424 Mich 1, 17; 378 NW2d 432 (1985); *People v Ritzema,* 3 Mich App 637, 639; 143 NW2d 129 (1966). We find no error.

Second, defendant objects to three instances in the prosecutor's closing argument where he, in effect, vouched for the credibility of witnesses. He stated that he believed that the victim was telling the truth, that he believed the mother, and that the mother was totally honest. These types of comments are, of course, improper, and it was improper on the part of the prosecuting attorney to make such arguments. *People v Flanagan,* 129 Mich App 786, 795; 342 NW2d 609 (1983). However, the defendant did not object to any of these comments, nor did he ask for a cautionary instruction. Thus, appellate review of this issue is precluded absent manifest injustice. *People v Solak,* 146 Mich App 659, 678; 382 NW2d 495 (1985). Our review of the proceedings is such that we are not satisfied that the action of the prosecutor brought about a miscarriage of justice. Certainly, if objection had been made to the prosecutor's initial remark and the court had cautioned the prosecutor at that time, there would not have been any repetition. A curative instruction could easily have taken care of the matter. Further comments were similarly curable. No attempt having been made to correct the situation at the trial level, appellate review here is foreclosed. *People v Solak, supra.*

Third, defendant argues that the trial court improperly instructed the jury on the charge of criminal sexual conduct in the first degree, which involved an act of cunnilingus. The trial court, following MCL 750.520a(l); MSA 28.788(1)(l), de-

fined "penetration" as being any of the recited types of sexual acts:

> Intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion however slight of any parts of a person's body, or any object into the genital or oral openings of another.

During deliberations, the jury requested clarification of the sexual offenses of criminal sexual conduct in the first degree and criminal sexual conduct in the second degree. After repeating the instructions that had already been given, the trial court further stated: "Cunnilingus in and of itself is a sexual penetration." Defendant objects that this is an improper statement of the law. We find that the instruction as given is a correct instruction.

The trial court relied on *People v Sommerville,* 100 Mich App 470; 299 NW2d 387 (1980), lv den 417 Mich 1022 (1983). Defendant contends that *People v Payne,* 90 Mich App 713; 282 NW2d 456 (1979), is in conflict with *Sommerville* and should be followed. A reading of *Payne,* however, shows that the standard jury instructions were read. The appellate court in *Payne* affirmed that, in considering the instructions as a whole and bearing in mind the lack of objection, the jury was adequately and clearly apprised that first-degree criminal sexual conduct requires penetration as opposed to mere contact. Further, to the extent that a conflict between *Payne* and *Sommerville* can be ascertained, it is our opinion that the *Sommerville* construction is the proper construction of the statutory provisions.

The format for the criminal sexual conduct statute, MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.,* is that if there is sexual conduct, it is criminal

conduct when certain factors are present, and the offense becomes more serious with the presence of additional factors. The relationship of the various offenses can be determined only by a consideration of those various factors. One of the factors which the statute states makes the conduct more serious is what the statute calls "penetration." Another circumstance is where the acts involved are those of contact. "Sexual contact" and "sexual penetration" are defined with special meanings in the definition section of the act, MCL 750.520a; MSA 28.788(1), as follows:

> (k) "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.
>
> (l) "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

First-degree criminal sexual conduct is defined in MCL 750.520b; MSA 28.788(2) as conduct where sexual penetration is involved and certain aggravating circumstances are present. The existence of the aggravating circumstance in this case is the fact that the victim was under thirteen years of age. There is no dispute as to that factor. Defendant contends, however, that the instruction as to what constitutes penetration was not complete or correct.

It is to be noted that MCL 750.520a(l); MSA 28.788(1)(l) defines sexual penetration as including

certain types of sexual conduct. The definition does not state that, if these defined acts include penetration, they are penetration within the meaning of this section. It is rather the format of the definition that the acts in and of themselves are acts that involve sexual penetration. The listed sexual acts, such as intercourse, fellatio or cunnilingus, are not defined in the statute. We must look elsewhere for a definition of these acts.

If it had been necessary for the jury to be given additional information as to the meaning of such words, on request, the court would likewise have to utilize dictionary definitions, either the common dictionaries or a medical dictionary. In so doing, we find the following: The definition of sexual penetration includes fellatio. That is defined in *Dorland's Illustrated Medical Dictionary, 23d ed,* as: "The act of taking the penis into the mouth." Obviously, by definition, fellatio includes the necessity of a penetration. *Webster's New Collegiate Dictionary* indicates similarly that the word indicates "to suck," or "oral stimulation of the penis." "Intercourse" in *Webster* is defined in one sense as being "copulation or coitus." The same dictionary indicates that the word "cunnilingus" is derived from a combination of the word *"cunnus"* and *"lingere,"* that is, "vulva," plus "to lick," or "the oral stimulation of the vulva or clitoris." *Ballantine's Law Dictionary, 3d ed,* defines cunnilingus as "[a]n act committed with the mouth and the female sex organ, or oral-genital contact." Returning to *Dorland,* it defines cunnilingus as "the licking of the vulva or clitoris." The vulva is explained to be: "The external genital organs of the female, including the *mons pubes, labia majora,* and other structures between the *labia."* The acts of cunnilingus and fellatio are both commonly referred to, and understood to be, "oral sex."

Accordingly, it is evident that cunnilingus requires the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself, or the mons pubes. Therefore, there is no requirement, if cunnilingus is performed, that there be something additional in the way of penetration for that sexual act to have been performed. Thus, the trial court correctly indicated that an act of cunnilingus involved by definition an act of sexual penetration. We find no error.

Fourth, defendant argues that the trial judge used impermissible reasons in departing from the minimum sentencing range recommended by the guidelines. In imposing sentence, the court indicated that the acts performed upon the minor were crimes of the most heinous, shocking and disgusting nature. The court further found that the defendant failed to recognize the fact that he had a problem, whether it be a drinking problem or a sexual problem. The judge was concerned with why the acts were performed and whether or not the defendant would do it again if the opportunity arose. He found a need for psychiatric treatment and care. He found that it was proper that the defendant be required to spend time away from society. We find nothing improper in the considerations the court used in determining the proper sentence, and the reasons given certainly justified the departure from the recommended range of the sentencing guidelines. *People v Gren,* 152 Mich App 20, 25; 391 NW2d 508 (1986). The sentencing judge properly exercised his discretion as to the determination of the proper sentence, and followed the procedural requirements of articulation on the record and on the sentencing information report of the reasons for deviation. *People*

*v Purzycki,* 143 Mich App 108, 110; 371 NW2d 490 (1985).

We have reviewed the sentence imposed and find that it does not shock our conscience. *People v Johnson,* 144 Mich App 125, 136-137; 373 NW2d 263 (1985), lv den 424 Mich 854 (1985).

Affirmed.