PEOPLE v BRISTOL

Docket No. 49157. Submitted June 15, 1981, at Lansing.—Decided
December 2, 1981. Leave to appeal denied, 414 Mich 921.

William E. Bristol was convicted in Washtenaw Circuit Court,
Edward D. Deake, J., of first-degree criminal sexual conduct.
Defendant appeals, arguing that penetration of the labia ma-
jora does not constitute penetration of a genital opening within
the meaning of the criminal sexual conduct provisions. *Held:*

Penetration of the labia majora constitutes penetration of a
genital opening within the meaning and intent of the statutory
definition of sexual penetration. The proofs at trial, accord-
ingly, support the conviction for first-degree criminal sexual
conduct.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary rule of statutory construction is to ascertain and
give effect to the intent of the Legislature; to that end, words of
the statute are given their ordinary meaning unless it appears
that a different sense was intended; consideration is given to
the purpose of the statute and the object sought to be accom-
plished.

2. RAPE — CRIMINAL SEXUAL CONDUCT — PENETRATION.

One object of the Legislature in providing for different degrees of
criminal sexual conduct was to differentiate between sexual
acts which affect only the bodily surfaces of the victim and
those which intrude into bodily cavities; the use by the Legisla-
ture of the term "genital opening" rather than "vagina" in
defining sexual penetration indicates an intent that penetration
of the labia majora will suffice to establish the crime of first-
degree criminal sexual conduct (MCL 750.520a[h], 750.520b;
MSA 28.788[1][h], 28.788[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Statutes §§ 145, 146, 160, 204, 206.
[2] 65 Am Jur 2d, Rape § 3.
  What constitutes penetration in prosecution for rape or statutory
  rape. 76 ALR3d 163.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Assistant Prosecuting Attorney, for the people.

*Kurt R. Thornbladh,* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

PER CURIAM. Defendant appeals as of right from a jury conviction of first-degree criminal sexual conduct. MCL 750.520b; MSA 28.788(2).

The victim, a four-year-old girl, in response to questioning by the attending doctor, said that defendant's penis actually went inside and she had experienced a great deal of pain at that time in the area of the vagina. There was an abrasion of the labia minora. The hymenal ring was intact, but according to the testimony this would not necessarily rule out "penetration". Testimony was introduced to show that "penetration" of the vagina to a physician would require an entry into the "introit" *[sic]* of the vagina which lies past the labia minora, and this could neither be confirmed nor refuted in the instant case. The testimony also established that the sensations described by the child could be caused by something less than an entry into the "introit" *[sic]* of the vagina. Defendant alleges there is no evidence of "intrusion, however slight, * * * into the genital * * * openings" to support the jury's verdict. MCL 750.520a(h); MSA 28.788(1)(h).

There appears to be no definition of "penetration" in Michigan case law with regard to sexual acts. The primary rule of statutory construction is to ascertain and give effect to the intent of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Legislature. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971), *Van Antwerp v State,* 334 Mich 593, 600; 55 NW2d 108 (1952). The words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise in the statute that a different sense was intended. *Advisory Opinion on Constitutionality of 1975 PA 227,* 396 Mich 465, 480; 242 NW2d 3 (1976), *Hammons v Franzblau,* 331 Mich 572, 574; 50 NW2d 161 (1951). A reasonable construction should give consideration to the purpose of a statute and the object sought to be accomplished. *King v Director, Midland County Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977).

One object of the Legislature in providing for degrees of criminal sexual conduct was to differentiate between sexual acts which affected only the body surfaces of the victim and those which involved intrusion into the body cavities, in the instant case the female "genital opening". In view of the fact that the penetration of the labia majora is beyond the body surface, a definition of the female genital opening that excluded the labia would be inconsistent with the ordinary meaning of female genital openings. The fact that the Legislature used "genital opening" rather than "vagina" indicates an intent to include the labia. Such a definition is also consistent with that in most other jurisdictions. See 76 ALR3d 163, § 3, p 178.

Defendant's conviction is affirmed.