**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0171n.06
Filed: December 17, 2004

**No. 03-1821**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ARNOLD BOWER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BRUCE CURTIS, Warden, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: MARTIN, COLE, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Petitioner-appellant Arnold Bower, a Michigan prisoner convicted of engaging in criminal sexual conduct with two minors under the age of thirteen, appeals the dismissal of his petition for a writ of habeas corpus by the United States District Court for the Eastern District of Michigan. The district court, after holding an evidentiary hearing, accepted the magistrate judge's report and recommendation that Bower's petition be dismissed for failure to demonstrate violation of his federal constitutional rights. On appeal, Bower first argues that the trial court erred in denying his motion for a directed verdict on the charge of first degree criminal sexual conduct, as there was insufficient evidence of penetration. Second, Bower asserts that he was denied due process by the admission of evidence of similar uncharged acts and

-1-

his parole status. Third, Bower argues that he was denied due process based on newly discovered

exculpatory evidence. For the reasons set forth below, we affirm the judgment of the district court.

**I.**

Bower was convicted in Michigan state court of one count of first degree sexual conduct in

violation of MICH. COMP. LAWS § 750.520b(1)(a) against twelve-year-old Judy Brouse and two

counts of second degree criminal sexual conduct in violation of MICH. COMP. LAWS §

750.520c(1)(a) against Judy Brouse and seven-year-old Jason Hankins. After pleading guilty to

being a second felony offender, Bower was sentenced to 48 to 72 years imprisonment on the first

degree conviction and 15 to 22½ years imprisonment on each second degree conviction, with each

sentence to be served concurrently. The incidents giving rise to these convictions occurred while

Bower was on parole from a prior conviction for sexual conduct. One condition of that parole was

that he was not allowed to be alone with any person under eighteen years old.

Eleven witnesses testified at trial that they resided at or frequently visited the mobile home

community where Bower lived beginning in December 1985 and had observed him inappropriately

touching children on numerous occasions. Basically, the witnesses claimed that when the children

visited Bower's mobile home, often to watch videos on a VCR, he would force the female children

to sit on his lap while he rubbed their chest area outside of their clothing and their legs from the knee

to the panty line. Four of these witnesses were the children Bower allegedly touched

inappropriately, including Judy Brouse and Jason Hankins. In addition to the witnesses from the

mobile home community, Randy Woodward, one of Bower's cellmates, testified that he and Bower

had conversations about the alleged abuse incidents while in jail. Woodward testified that Bower

talked primarily about abusing younger children and one older girl, that he mentioned the names Jason and Judy specifically, and that he claimed he "more or less" penetrated Judy but did not ejaculate.

Bower's actions were not reported by anyone until May 1986, when Mary Rossetter, Judy Brouse's grandmother and Bower's roommate since late March 1986, witnessed Bower wrestling with an eleven-year-old girl, Kim Smotherman, and pinning her on the floor by straddling her and holding her wrists above her head. On the day following the incident Rossetter informed her daughter (Judy Brouse's mother, Nancy Ward) of what she had seen, and Ward contacted the Michigan Department of Social Services. The Department of Social Services spent two days interviewing the children involved, their parents, and other residents of the mobile home community about Bower's interactions with the children.

As stated above, Bower was convicted of one count of first degree sexual conduct in violation of MICH. COMP. LAWS § 750.520b(1)(a) against Judy Brouse and two counts of second degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520c(1)(a): one count against Judy Brouse and one count against Jason Hankins. The first degree count centered on Bower taking Judy to the bedroom, pulling down her pants and removing his own, lying on top of her with his penis between her legs, and moving up and down for five to ten minutes. Judy testified that she did not know if he touched inside of her. The second degree count regarding Judy involved Bower rubbing her breasts on the outside of her clothing. The second degree count regarding Jason Hankins involved Bower putting his hand down Jason's pants and touching his penis. The Michigan

Court of Appeals affirmed the convictions on direct appeal, and Bower was denied leave to appeal by the Michigan Supreme Court.

Bower subsequently filed a motion for relief from judgment, which was denied by the trial court in February 1996. Bower next sought an order of superintending control from the Michigan Court of Appeals to compel the trial court to hold a hearing or enter judgment on his motion for relief from judgment, but the court dismissed his complaint as moot. Bower then applied for leave to appeal the trial court's denial of his post-judgment relief requests. The Michigan Court of Appeals and the Michigan Supreme Court denied Bower leave to appeal.

After exhausting his state remedies, Bower filed *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bower presented ten claims in his habeas petition. First, he asserted that the evidence of penetration was insufficient to support his conviction for first degree criminal sexual conduct, and thus he was improperly denied a directed verdict. Second, Bower argued that a time span for the charged offenses of four months denied his due process right to present an alibi defense. Third, Bower asserted that evidence of uncharged similar offenses as well as his parole status was improperly admitted at trial. Fourth, he asserted a claim that testimony by an adult witness involving demonstrations and statements by a three-year-old child was hearsay and therefore improperly admitted. Fifth, Bower presented a claim that the prosecutor improperly vouched for the credibility of a child witness. Sixth, Bower argued that one of the victims and another government witness recanted their trial testimony and, therefore, newly discovered exculpatory evidence existed. Seventh, he asserted that the prosecutor misstated and misrepresented evidence. Eighth, Bower argued that the prosecutor repeatedly misrepresented the evidence and improperly

vouched for government witnesses. Ninth, Bower asserted that the prosecutor knowingly used false testimony. Finally, Bower presented a claim that his counsel was ineffective for failing to cross-examine witnesses, move for a mistrial, correct false testimony, and object to the prosecutor's misconduct.

The magistrate judge recommended that the petition be dismissed, and Bower filed objections to that report and recommendation. The district court appointed a federal public defender to represent Bower and scheduled an evidentiary hearing regarding the alleged new evidence. The hearing was adjourned after it was stipulated that one witness's testimony be taken by deposition and that the other witness could not be located. Afterwards, in a status conference, Bower's counsel reported that an investigation into the alleged new evidence had been completed and that no evidence favorable to the defendant would be presented to the court. Bower's counsel filed supplemental objections to the magistrate's report, and, after a hearing, the district court adopted the magistrate's recommendation that Bower's petition be dismissed. Bower filed a timely notice of appeal and was granted a certificate of appealability with respect to the following issues:

> First Ground/Directed Verdict: Petitioner claims the prosecution failed to show that Petitioner actually penetrated the victim.
>
> Third Ground/Evidentiary Ruling: Petitioner claims that the admission of similar uncharged acts of sexual abuse was in error.
>
> Fourth Ground/Evidentiary Ruling: Petitioner claims that the admission of Petitioner's parole status rendered his trial fundamentally unfair.
>
> Sixth Ground/Newly Discovered Evidence: Petitioner claims that the victim, Judy Brouse, and a witness, Randy Woodward, recanted their testimonies at trial.

**II.**

This court reviews the district court's denial of a petition for writ of habeas corpus *de novo* and the court's findings of fact for clear error. *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). Because Bower filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to the instant case. *Campbell v. Coyle*, 260 F.3d 531, 538-39 (6th Cir. 2001).

**A.**

The district court concluded that Bower did not establish that he was entitled to a directed verdict based on his claim that the prosecution failed to show that he actually penetrated the victim. In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Michigan law defines first degree criminal sexual conduct as (1) a person engaging in sexual penetration (2) with another person under thirteen years of age. MICH. COMP. LAWS § 750.520b(1)(a); *see also People v. Hammons*, 534 N.W.2d 183, 184 (Mich. Ct. App. 1995). "Sexual penetration" is defined by the statute as "sexual intercourse . . . or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." MICH. COMP. LAWS § 750.520a(o).

The victim, Judy Brouse, testified that Bower removed her pants, placed his penis between her legs, and moved up and down for about five to ten minutes. She further testified that she was not sure whether Bower actually touched inside of her. An additional witness, Bower's cellmate Randy

Woodward, testified that Bower admitted in jail that he "more or less" penetrated the victim. The magistrate's report and recommendations, in rejecting Bower's claim of insufficient evidence, found:

> When considering the motion for a directed verdict, the trial judge would have taken into consideration the remarkable consistency of Randy Woodward's testimony with that of the victim. Given the fact that there are rarely eyewitnesses to these types of crimes, the trial judge could have reasonably inferred, based on such consistency, that actual penetration had occurred.

Bower emphasizes that the Michigan Court of Appeals found that the evidence of penetration was "barely" sufficient to convict. The Michigan Court of Appeals stated in an earlier case that even though "[t]here appears to be no definition of 'penetration' in Michigan case law with regard to sexual acts," the state legislature in providing for degrees intended to "differentiate between sexual acts which affected only the body surfaces of the victim and those which involved intrusion into the body cavities," including the female genital opening. *People v. Bristol*, 320 N.W.2d 229, 230 (Mich. Ct. App. 1981). The court emphasized the language of "genital opening" as opposed to vagina and concluded that "penetration of the labia majora is beyond the body surface." *Id.* The court reasoned that "a definition of the female genital opening that excluded the labia would be inconsistent with the ordinary meaning of female genital openings." *Id.* In another case, the same court held that a finger being forced into the vagina of a nine-year-old girl through her underwear constituted penetration within the meaning of the statute. *Hammons*, 534 N.W.2d at 184-85.

Considering the statutory definition of sexual penetration and the examples of penetration from case law and viewing the evidence in the light most favorable to the prosecution, the trial judge's denial of Bower's motion for directed verdict was not in error. Even though the victim could not recall whether Bower touched "inside her," she distinctly remembered that Bower removed her

pants, placed his penis between her legs, and moved up and down. Moreover, Bower's admission

to his cellmate was consistent with this testimony. Therefore, the state court's resolution of Bower's

sufficiency claim was not an unreasonable application of *Jackson v. Virginia,* as a rational trier of fact

could conclude that the elements of the crime, including penetration, had been proven beyond a

reasonable doubt.

**B.**

Errors in state evidentiary matters do not rise to the level of federal constitutional claims

cognizable in a habeas petition unless the errors render the trial so fundamentally unfair as to deprive

a habeas petitioner of his or her federal constitutional rights. *Matlock v. Rose*, 731 F.2d 1236, 1242

(6th Cir. 1984). The habeas court is limited to determining whether the evidentiary rulings of the trial

court denied Bower a constitutionally guaranteed right. *Moore v. Tate,* 882 F.2d 1107, 1109 (6th Cir.

1989). The weighing of the probative versus the prejudicial value of evidence is left to the sound

discretion of the trial judge. *Oliphant v. Koehler*, 594 F.2d 547, 555 (6th Cir. 1979). It is not the

role of federal habeas review to decide whether a state trial judge's evidentiary decisions were proper

but rather whether constitutional rights were violated. *Byrd v. Collins*, 209 F.3d 486, 528 (6th Cir.

2000).

Bower claims that the admission of evidence of similar uncharged acts of sexual abuse was

error. Prior bad acts may not be admitted to prove the character of the person charged or that he or

she acted in conformity therewith, but they may be admitted to show motive, opportunity, intent,

preparation, scheme, or plan. MICH. R. EVID. 404(b)(1). The trial court ruled in limine that evidence

of similar acts perpetrated during a seven month time frame encompassing the charged crimes would

be admitted. The trial court's admission of the similar uncharged acts did not render Bower's trial fundamentally unfair, as the prior bad acts tended to show that Bower's intent and motivation were sexual gratification and arousal.

In upholding Bower's conviction, the Michigan Court of Appeals pointed out that the common aspects of the defendant's conduct in bringing young children into his mobile home away from the presence of adults, threatening the children to deter them from telling anyone, and touching the children on the chest and legs provided the requisite special circumstances for admissibility, i.e., "the relationship between the charged and uncharged offenses which supplies the link between them and assures thereby that evidence of the separate offense is probative of some fact other than the defendant's bad character." *People v. Golochowicz,* 319 N.W.2d 518, 521 (Mich. 1982). The court found that in Bower's case the similar acts evidence tended to show that his motivations were sexually oriented, resulting from a purpose to achieve sexual gratification or arousal. Therefore, it was not an abuse of discretion for the trial court to rule that the probative value of the evidence outweighed any prejudicial effect it might have. The question of whether the evidence of prior bad acts was more probative than prejudicial is a question of state law, and the district court properly found that the admission of the prior acts did not render Bower's trial fundamentally unfair or violate his right to due process. *See Oliphant*, 594 F.2d at 555.

The same is true of Bower's parole status. Bower's parole status was mentioned in the testimony of four witnesses, including that of Bower himself. The trial court also ruled in limine that evidence of statements made by Bower alluding to his parole or restrictions on that parole would be admissible to show the plan, motive, scheme, or intent to engage in the acts for the purpose of sexual

satisfaction (as opposed to engaging in the acts by mistake or accident). Two of the witnesses did allude to the condition that Bower could not be in the presence of children without another adult also being present, but no witness provided the jury with any details of the underlying crime for which Bower had been paroled.

Bower relies on *Gall v. Parker*, 231 F.3d 265, 334-35 (6th Cir. 2000), to argue that his parole status was improper extraneous information that influenced the jury's verdict. *Gall* is distinguishable, however, because the due process violation in that case stemmed from the fact that jurors had knowledge of Gall's parole status independent of the court proceedings. *See id.* In other words, there were "no sources from within the trial indicating his parole status," and his counsel therefore had no opportunity to "'explain' this crucial fact that came before the jury." *Id.* at 335. Comparatively, Bower knew there was at least a possibility that his parole status would be an issue in the trial because of the judge's ruling.[1] Therefore, evidence of Bower's parole status cannot be characterized as improper "extraneous" information as it was in *Gall*, and his sentence cannot be said to be "imposed, at least in part, on the basis of information that he had no opportunity to deny or explain." *Id.* (quoting *Gardner v. Florida*, 430 U.S. 349, 362 (1977)).

Even if the evidence of Bower's parole and the conditions on that parole was erroneously admitted, the error was harmless in light of the other admissible evidence. The district court properly

---

[1]In one instance, testimony regarding Bower's parole was introduced after defense counsel suggested on cross-examination that the witness, the mother of one of the victims, did not report Bower's inappropriate touching because she did not think it was serious. On redirect, the witness testified that she did not want to get Bower in trouble if she was just imagining things, because earlier Bower had mentioned serving prison time and being paroled.

found that the admission of Bower's parole status did not render Bower's trial fundamentally unfair. Absent fundamental unfairness, Bower's claim of court error with regard to the admission of his parole status is not cognizable in a habeas proceeding.

## C.

Petitioner claims that victim Judy Brouse recanted her trial testimony in letters to him and that witness Randy Woodward recanted his trial testimony in a signed letter and an affidavit. The district court allowed an evidentiary hearing on this evidence. Bower's counsel informed the court, however, that an investigation into the evidence, including a deposition of Judy Kistler (née Brouse), did not result in any favorable evidence for Bower. In fact, in her deposition, Kistler refused to acknowledge the letter proffered by Bower and said that "he done it more than once" when asked about Bower.

The recanting of trial testimony by prosecution witnesses is typically viewed with the "utmost suspicion." *Hence v. Smith*, 37 F. Supp. 2d 970, 981 (E.D. Mich. 1999) (quoting *United States v. Kearney*, 682 F.2d 214, 219 (D.C. Cir. 1982)). Even if accepted, a post-trial recantation is generally not sufficient to grant habeas relief absent constitutional error. *Id.* at 980. The duty of federal habeas courts is to ensure that individuals are not unconstitutionally imprisoned; it is not to correct factual errors. *Id.* "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

If Bower had been able to corroborate the recantations of Brouse and Woodward at an evidentiary hearing, then it is possible that he would have been able to show that a constitutional

violation probably resulted in the conviction of one who is actually innocent, and that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (holding that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default"). Bower was given the opportunity to present the evidence at a hearing and was unable to show that Brouse and Woodward recanted the testimony they gave at trial. Likewise, Bower has not shown constitutional violations in his trial independent of the testimony recantations. Therefore, the district court properly concluded that Bower is not entitled to a new trial based on the post-trial recantations of Brouse and Woodward.

## V.

For the foregoing reasons, the judgment of the district court is affirmed.