# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 20, 2018

v

MATTHEW SOBERAL, JR.,

Defendant-Appellant.

No.  338890
Wayne Circuit Court
LC No.  16-006465-01-FC

Before:  MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*) (sexual penetration; victim at least 13 but less than 16 years of age and related by blood or affinity), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a); MCL 750.520c(2)(b) (sexual contact; victim under 13 years of age and defendant 17 years of age or older).  Defendant was sentenced to concurrent prison terms of 6½ to 20 years for the CSC-I conviction and 1½ to 15 years for the CSC-II conviction.  We affirm.

Defendant first argues that the prosecution failed to present sufficient evidence to sustain his CSC-I conviction.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt."  *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).  Circumstantial evidence and reasonable inferences arising from it may constitute sufficient proof of the elements of a crime.  *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

"The elements that the prosecution is required to prove under [MCL 750.520b(1)(b)(*ii*)] are: (1) sexual penetration, (2) a victim who is at least 13 years old but less than 16 years old, and (3) a relationship by blood or affinity to the fourth degree between the victim and the defendant."  *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012).  " 'Sexual penetration' " is defined, in pertinent part, as " 'any . . . intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body . . . .' "  *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014), quoting MCL 750.520a(r).  Evidence of penetration of the labia majora is sufficient for a conviction of CSC-I.  *People v Legg*, 197 Mich

-1-

App 131, 133-134; 494 NW2d 797 (1992); *People v Bristol*, 115 Mich App 236, 238; 320 NW2d 229 (1981).

Defendant does not contest establishment of the elements regarding age or relatedness. Instead, defendant argues that the prosecution's evidence was insufficient for the jury to find beyond a reasonable doubt that defendant penetrated the victim, KM. KM testified as follows:

> *Q*. When you say sexually assault, what do you mean by that?
>
> *A*. [Defendant] stuck his hand down my pants in the underwear end, put his fingers inside of my vagina.
>
> * * *
>
> *Q*. What was his hand doing at that time?
>
> *A*. He inserted one finger inside my vagina.
>
> *Q*. And do you remember if his hand was moving?
>
> *A*. Yes.
>
> *Q*. And how was it moving?
>
> *A*. Like in and out.

In both of the above excerpts, KM testified that defendant's finger was inside her vagina. Defendant argues that this testimony was insufficient for a jury to find that penetration occurred beyond a reasonable doubt because KM was using "vagina" to mean "her entire pubic area." However, defendant does not support this theory with any reference to the record; he merely states, without support, that the evidence was "far too ambiguous to prove" penetration of KM's labia. But KM's testimony was not ambiguous. We note that one of the definitions of "inside" is "an interior or internal part or place: the place within . . . ." *Merriam-Webster's Collegiate Dictionary* (11th ed). When KM clearly and repeatedly testified that defendant's finger was inside her vagina, she indicated that his finger was internally within her vagina. For defendant's finger to be within KM's vagina, defendant's finger necessarily had to penetrate her labia majora. The testimony was sufficient to establish the element of penetration.

Defendant next argues that he was denied his right to a fair trial because of prosecutorial error.

To preserve an issue of prosecutorial error, a defendant must timely and specifically object, except when an objection would not cure the error or failing to review the error would result in a miscarriage of justice. *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003); *People v Unger (On Remand)*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Defendant did not timely object to the alleged prosecutorial error or request a curative instruction, and thus this issue is unpreserved.

Generally, issues of prosecutorial error are reviewed "de novo to determine if the defendant was denied a fair and impartial trial." *People v Thomas*, 260 Mich App 450, 453; 678 NW2d 631 (2004). However, "because defendant's issue is unpreserved, this Court reviews the issue for plain error affecting his substantial rights." *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third requirement "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of defendant's innocence." *People v Ackerman*, 257 Mich App 434, 448-449; 669 NW2d 818 (2003).

Defendant points to the prosecution's closing argument in support of the assertion that the prosecution impermissibly commented on EM's and KM's credibility. The prosecution's closing argument regarding credibility follows:

I want to talk briefly about witness credibility.

* * *

In general, does the witness have a special reason to tell the truth or any special reason to lie[?]

All in all, how reasonable does the witness' testimony seem when you think about all the other evidence in this case. I want you to consider that when you're deliberating in the back on the testimony you head from [KM] and [EM].

Further, there is no reason, and you've heard and the defense has even agreed that the victims in this case got along well with [defendant]. They have no motive to make up that [defendant] did this, and it's quite the contrary. That it actually affected their lives in a negative way. They no longer get to see [defendant's] children. They have seen their sister [defendant's wife] . . . less. So this in no way has helped [EM] or [KM].

"[T]he prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). However, the prosecution "may comment on [its] own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Thomas*, 260 Mich App at 455. "[T]he reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context." *People v Abraham*, 256 Mich App 265, 272-273; 662 NW2d 836 (2003). "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *Id*. at 279.

Defendant specifically argues that the prosecution's remark during closing argument that the two victims had "no motive to make up that [defendant] did this" was an impermissible

comment on the victims' credibility. However, viewing the remark in context, the prosecution was acting permissibly by addressing the jury regarding how to take witness credibility into consideration. The prosecution highlighted facts in evidence that the jury should contemplate when it determined if the victims' testimony was credible. Facts in evidence were that EM and KM no longer visited defendant, his wife, or their children and that they are sad that they no longer see that part of their extended family. Additionally, the trial court's jury instructions properly required the jury to deliberate only on evidence, informed the jury that the lawyers' arguments were not evidence, and indicated that only the jury could weigh the credibility of the witnesses. Under the circumstances, defendant has not established a plain error affecting substantial rights, and we find no basis for reversal.

Affirmed.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher