*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BERT LEROY WINER, JR.,

Defendant-Appellant.

UNPUBLISHED
February 19, 2019

No. 340688
Shiawassee Circuit Court
LC No. 2017-009630-FC

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his conviction, following a jury trial, of one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b(2)(b) (victim under 13).[1] The trial court sentenced defendant as a third habitual offender, MCL 769.11, to a term of 40 to 80 years in prison. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's sexual abuse of his fiancée's daughter, CR. CR disclosed the abuse in 2017 to Michigan State Police Trooper Amy Belanger after Belanger gave a presentation on human trafficking at CR's school. CR disclosed an incident that occurred in 2015 in which defendant touched her vagina while the two were in bed watching television. CR was 11 years old at the time. CR also disclosed two similar incidents that occurred the following year, in which defendant touched her genital area through her clothing. Defendant was interviewed by Michigan State Police Trooper Robert Scott and admitted to touching CR's breasts and vagina. During the interview, defendant denied inserting his finger into CR's vagina but admitted that his finger was "probably between the lips" of her vagina during the incident in 2015. After the interview, defendant signed a statement containing his admissions.

---

[1] Defendant was acquitted of another count of CSC I and a count of second-degree criminal sexual conduct, MCL 750.520c(1)(a).

The witnesses at trial included both CR and defendant. The audio of defendant's interview, as well as the written admissions, were introduced as exhibits. Defendant denied any inappropriate touching of CR, but when asked by the prosecution, "[Y]ou've admitted to [Scott], and now today, that your fingers were in [CR's] vagina. Correct?," defendant replied, "Yes. Today – yes." Defendant was convicted as described, and the trial court imposed the described sentence. The sentence was higher than the minimum sentence range of 126 to 315 months recommended by the sentencing guidelines. The court found that the recommended minimum sentence range was not reasonable or proportionate because the guidelines did not cover or give adequate weight to defendant's exploitation of a family relationship, the psychological injury to CR and CR's family, defendant's failure to take responsibility for his crimes by instead blaming them on factors such as alcohol and job stress, defendant's status as a parolee, and defendant's poor prospects for rehabilitation. This appeal followed.

## II. JURY INSTRUCTIONS

Defendant argues that the trial court erred when it instructed the jury regarding the "penetration" element of CSC I. We disagree. This Court reviews de novo claims of instructional error. *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003). We review jury instructions "in their entirety to determine if there is error requiring reversal." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997).

A defendant has the right to a properly instructed jury. *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The trial court is required to instruct the jury with the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. If supported by the evidence, the trial court must give instructions regarding "elements of the charged crimes" and "material issues, defenses, or theories." *People v McKinney*, 258 Mich App 157, 162-163; 670 NW2d 254 (2003). There is no error when the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *McFall*, 224 Mich App at 412-413.

The trial court instructed the jury that to convict defendant of CSC I it must find that defendant committed "a sexual act that involved entry into [CR's] genital opening by the defendant's finger. Any entry, no matter how slight, is enough." During deliberations, the jury sent a note to the trial court requesting clarification of the word "entry." Defendant objected to the trial court giving any special instruction. The trial court ultimately instructed the jury that that "any penetration beyond the body surface is sufficient for entry," based on *People v Bristol*, 115 Mich App 236, 238; 320 NW2d 229 (1982).

Defendant argues that the trial court's supplemental instruction regarding the word "entry" did not accurately instruct the jury with regard to the penetration element of a CSC I conviction. MCL 750.520b provides in part that "[a] person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person." MCL 750.520a(r) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Penetration is more than mere contact. *People v Payne*, 90 Mich App 713, 722; 282 NW2d 456 (1979). However, the definition of "sexual penetration" does not require penetration

-2-

of the vagina, but rather the "genital openings" of another person's body. The external genital organs of a woman include "the mons pubes, labia majora, and other structures between the labia," *People v Harris*, 158 Mich App 463, 469; 404 NW2d 779 (1987) (emphasis omitted), and an intrusion of the labia majora is an intrusion of a genital opening. *Bristol*, 115 Mich App at 238. "In view of the fact that the penetration of the labia majora is beyond the body surface, a definition of the female genital opening that excluded the labia would be inconsistent with the ordinary meaning of female genital openings." *Id*. The genital opening includes "external genital organs" that are "between the labia, or the labia itself." *People v Legg*, 197 Mich App 131, 133; 494 NW2d 797 (1992).

Defendant argues that the trial court's instruction did not protect his rights. However, for the reasons noted, the instruction was consistent with the law. Moreover, instructing the jury that "entry" meant "any penetration beyond the body surface," combined with the unchallenged instruction that "penetration" included an "act that involved entry into [CR's] genital opening by the defendant's finger" and that "[a]ny entry, no matter how slight, is enough," adequately protected defendant's rights by insuring that the jury would not convict him based only on external contact with CR's genitals. The trial court's definition of "entry" properly included "any penetration beyond the body surface" and fairly presented the issue of what "sexual penetration" requires. *McFall*, 224 Mich App at 412-413.

## III. SENTENCING

Defendant next argues that the out-of-guidelines sentence imposed by the trial court was unreasonable. We disagree. We review a sentence that is outside the guidelines-recommended minimum sentence range to determine whether the sentence is reasonable. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), citing *United States v Booker*, 543 US 220, 261; 125 S Ct 738; 160 L Ed 2d 621 (2005). We review an out-of-guidelines sentence to determine whether the trial court abused its discretion by violating the principle of proportionality. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

When imposing a sentence, a court must consult the sentencing guidelines, calculate the recommended sentencing guidelines range, and take that range into account when determining a defendant's sentence. MCR 6.425(D); *Lockridge*, 498 Mich at 391-392. While a court must score and consider the sentencing guidelines, the court is not compelled to impose a minimum sentence within the calculated range. *Id*. at 365. A sentencing court may impose a sentence outside the range recommended by the sentencing guidelines; however, the trial court's sentence must be reasonable. *Id*. at 392.

The reasonableness of a sentence is determined by evaluating whether "that sentence violate[d] the principle of proportionality, which require[s] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 474, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). This Court has listed several non-exclusive areas of consideration regarding the proportionality of a sentence, including (1) whether the guidelines accurately reflect the seriousness of the offense, (2) factors not considered by the guidelines, such as the relationship

between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation, and (3) factors given inadequate weight by the guidelines. See *People v Dixon-Bey*, 3221 Mich App 490, 525; 909 NW2d 458 (2017). A trial court should also take "into account the nature of the offense and the background of the offender." *Milbourn*, 435 Mich at 651.

Here, defendant argues that his sentence was unreasonable because the substantial increase in his minimum sentence over the guidelines range was not justified by the circumstances. We disagree. The trial court based its out-of-guidelines sentence on the areas of consideration described in our caselaw. The trial court noted that a sentence within the guidelines range was not proportionate to the serious of the crime committed, and noted several factors either not considered or given inadequate weight by the guidelines. The trial court concluded that the out-of-guidelines sentence imposed was "proportionate to the seriousness of the circumstances surrounding the offense and the offender," *Steanhouse*, 500 Mich at 474. We agree with the trial court.

Defendant exploited his relationship with CR's mother in order to abuse CR, and repeatedly shifted the blame for his actions to somnambulism (sleepwalking), alcohol abuse, and life stressors, never taking responsibility for his actions. Further, defendant's previous experience with incarceration and the fact that he was on parole at the time of the offense renders the trial court's dismal view of his potential for rehabilitation quite reasonable. We find no abuse of discretion by the trial court in sentencing defendant. *Steanhouse*, 500 Mich at 471.

Defendant also argues that the trial court did not articulate on the record its reasons for imposing a minimum sentence of 40 years, approximately 14 years longer than the high end of the guidelines range. At the sentencing hearing, however, the trial court indeed explained the reasoning behind its sentence. The trial court stated that, although defendant had confessed to touching the complainant inappropriately, he then refused to accept responsibility, instead blaming alcohol and life stressors. The trial court also stated that a sentence within the guidelines range was not reasonable or proportionate because of the shocking nature of the crime, which was a "capital felony." The trial court further noted that the guidelines did not take into account the family relationships that defendant's abuse had violated, and that the offense variables inadequately accounted for the psychological injury to the complainant and her family. The trial court discussed defendant's "quite poor" prospects for rehabilitation, noting the lack of insight that his contrasting denials and confessions demonstrated, and that his parolee status had not deterred him from committing further crimes. The trial court also explained that a sentence of 25 years (which would be near the upper end of the recommended guidelines range) would allow defendant to be released when he could still offend, and that the trial court wished to protect society. The trial court adequately articulated its reasons on the record.

Affirmed.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra