*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 10, 2020

Plaintiff-Appellee,

v

No. 350753
Wayne Circuit Court
LC No. 19-001902-01-FC

DANIEL XAVIER CUMMINGS,

Defendant-Appellant.

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of 13 counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), and one count of child sexually abusive activity, MCL 750.145c(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 45 to 90 years' imprisonment for each conviction, to be served concurrently. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant was convicted of sexually abusing AC, his biological daughter, and IS, the daughter of his former live-in girlfriend, in their family home in Detroit from late 2017 until early 2019. AC, aged eight at the time of trial, testified that defendant began sexually abusing her when she was seven years old. IS, aged nine at the time of trial, testified that defendant began abusing her when she was eight years old. The victims testified that the sexual assaults occurred when IS's mother was at work, primarily in defendant's bedroom. Regarding the charged offenses, the victims testified that defendant showed them pornography and had them perform sexual acts on each other that included cunnilingus and digital penetration. Defendant also licked each victim's genital openings, had IS perform fellatio on him, and rubbed AC's genital opening with his penis. The victims revealed the incidents to IS's mother after she discovered that IS had searched for sexually explicit content on her cell phone. Defendant admitted to the police that he made the victims perform sexual acts on each other, but denied that he sexually penetrated either victim.

## II. SUFFICIENCY OF THE EVIDENCE – COUNT 5

Defendant alleges that the prosecution failed to present sufficient evidence that he engaged in a sexual act that involved entry of his penis into AC's genital opening, as charged in Count 5. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational tier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

As applicable to this case, a "person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person," and that "other person is under 13 years of age." MCL 750.520b(1)(a). Count 5 alleged that defendant engaged in sexual penetration with AC by inserting his penis into her genital opening. In challenging this CSC-I conviction, defendant contends that there was no evidence that he penetrated AC's genital opening with his penis. Sexual penetration is statutorily defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body. . . ." MCL 750.520a(r). Sexual penetration of a genital opening includes any intrusion into the vagina or the labia majora. *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012); *People v Bristol*, 115 Mich App 236, 237-238; 320 NW2d 229 (1981).

AC testified that, on one occasion, defendant "rubbed" his private part on the part of her body "where the pee comes out," and that "[i]t hurt." Viewing AC's testimony in a light most favorable to the prosecution, a jury could have reasonably inferred that defendant's penis intruded, however slightly, into AC's labia majora or vagina, which is sufficient to satisfy the "sexual penetration" requirement of the statute. *Lockett*, 295 Mich App at 188; *Bristol*, 115 Mich App at 237-238. Defendant submits that the evidence was insufficient to sustain his conviction because there is "no DNA" to corroborate a penile penetration of AC's genital opening, and observes that he made certain admissions, e.g., that he made the girls perform sexual acts on each other, but he did not admit that he engaged in penile penetration with AC. However, "[t]he testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g." MCL 750.520h. Thus, contrary to what defendant suggests, it was not necessary that AC's testimony be corroborated by DNA evidence or an admission by defendant. AC's testimony that defendant rubbed his penis on the part of her body "where the pee comes out" and that this act "hurt" supports an inference that there was penetration, however slight, into AC's genital opening. Defendant's challenges are instead related to the weight and credibility of the evidence rather than its sufficiency. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). Indeed, these same challenges were presented to the trier of fact during trial. The jury was free to believe or disbelieve all or any portion of AC's trial testimony in light of the issues explored by the defense. This Court will not interfere with the jury's role of determining issues of weight and credibility, *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008), and is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict. *Nowack*, 462 Mich at 400. Accordingly, the evidence, viewed in a light most favorable to the prosecution, was sufficient to support defendant's conviction of CSC-I for Count 5.

## III. DISPROPORTIONATE AND UNREASONABLE SENTENCES

Defendant next argues that his 45-year minimum sentences are disproportionate and unreasonable. We disagree.

Defendant's 45-year minimum sentences are within the applicable sentencing guidelines range of 171 to 570 months. Because defendant did not receive a sentence that exceeds the advisory sentencing guidelines minimum sentence range, his sentences may not be reviewed for reasonableness. "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). If a trial court does not depart from the recommended minimum sentence range, this Court need not evaluate the defendant's sentence for reasonableness and must affirm unless there was an error in scoring the guidelines or the trial court relied on inaccurate information. *Id*. at 636-637, citing MCL 769.34(10) (if a sentence is within the sentencing guidelines range, this Court must affirm the sentence absent a scoring error or reliance on inaccurate information). Defendant does not argue that there was an error in the calculation of his sentencing guidelines range, and he has not demonstrated that the trial court relied on inaccurate information.

Defendant's argument that his minimum sentences are disproportionate on the basis of his age of 33 years old when he was sentenced, and that he will be at least 78 years old when he is eligible for parole, is unavailing. A trial court is not required to consider a defendant's age in determining the proportionality of a sentence. See *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997). Defendant also emphasizes that none of his three prior felony convictions involved criminal sexual conduct, but that was known to the trial court because the nature of defendant's prior convictions was identified in defendant's presentence investigation report. Accordingly, we must affirm defendant's sentences.

## IV. COURT COSTS

In his next claim, defendant submits that remand is necessary to determine whether there was a reasonable relationship between the $1,300 in court costs imposed by the trial court and the actual costs incurred by the court. We disagree.

"[C]ourts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). Indeed, MCL 769.1k provides trial courts with the authority to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*). Actual costs include:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities. [MCL 769.1k(1)(b)(*iii*)(A)-(C).]

Although a trial court is not required to separately calculate the court costs, it is required to " 'establish a factual basis' from which this Court can 'determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court.' " *People v Stevens*, 318 Mich App 115, 121; 896 NW2d 815 (2016), quoting *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015).

In this case, the trial court did not provide a factual basis for its assessment of $1,300 in court costs. However, in *People v Posey*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 345491, 346039, 351834) slip op at 12, a defendant convicted in Wayne County challenged the trial court's failure to explain the factual basis for the imposition of $1,300 in court costs. The prosecutor presented a document from the State Court Administrator's Office (SCAO) calculating the average cost of a criminal case in the Wayne Circuit Court at $1,302. Additionally, during the resentencing, the trial court explained that $1,300 was the amount deemed to be the average cost to process a case through the Wayne County Circuit Court by the SCAO. *Id.* Judicial notice is a substitute for actual proofs presented by the parties. *Winekoff v Pospisil*, 384 Mich 260, 268; 181 NW2d 897 (1970). Judicial notice may be taken at any stage of a proceeding, whether requested or not. MRE 201(c), (e). A court may take judicial notice of its own records and files. *Prawdzik v Heidema Bros, Inc*, 352 Mich 102, 112; 89 NW2d 523 (1958). Accordingly, in light of *Posey*, we conclude that the assessment of $1,300 in court costs in this Wayne County Circuit case is consistent with the average cost of processing a case in that jurisdiction.

Moreover, defendant failed to object in the trial court to the determination of court costs, and therefore, our review is limited to plain error affecting substantial rights. *Posey*, slip op at 12. Further, defendant failed to present an argument under the prejudice prong of the plain-error test, and therefore, even where "the trial court plainly erred by failing to articulate the factual basis for the court costs imposed," our defendant "has not demonstrated any of the requisite 'prejudice, i.e., that the error affected the outcome of the lower court proceedings.' " *Id.* (Citation omitted). We reject defendant's challenge.

## V. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which have merit.

In his supplemental brief, defendant states eight issues, but presents only three general sufficiency-of-the-evidence arguments, with little analysis: (1) the evidence was insufficient to support his CSC-I convictions for Counts 1 through 9; (2) the evidence was insufficient to support his CSC-I convictions for Counts 11 through 14; and (3) the evidence was insufficient to support his conviction of child sexually abusive activity.

We have reviewed the trial testimony and reject defendant's challenge to the sufficiency of the evidence to support these convictions. The child victims gave graphic testimony regarding the acts that they were forced to perform upon each other as well as upon defendant, and these acts satisfy the statutory requirements. See *People v Reid*, 233 Mich App 457, 480; 592 NW2d 767 (1999); *People v Legg*, 197 Mich App 131, 132; 494 NW2d 797 (1992); *People v Harris*, 158 Mich App 463, 470; 404 NW2d 779 (1987); MCL 750.145c(1)(i).

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens