*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID SLOAN MCNEES, JR.,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2021

No. 349402
Allegan Circuit Court
LC No. 18-021708-FC

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

David Sloan McNees, Jr. pleaded guilty to one count of first-degree criminal sexual conduct (CSC-I) (multiple variables), MCL 750.520b, and one count of accosting a child for immoral purposes, MCL 750.145a. On remand from this Court, McNees challenged the scoring of Offense Variable (OV) 11 and sought resentencing. The trial court denied his motion. We vacate McNees's sentences and remand for resentencing consistent with this opinion.

I

The only issue in this case is the number of sexual penetrations supported by the evidence that may be scored under OV 11. The 11-year-old victim testified at the preliminary examination that McNees penetrated her vagina with his penis on the couch for "maybe ten minutes or less." McNees then "brought [the victim] over to the chair" and again penetrated her vagina with his penis. The victim also testified that McNees's "hand was rubbing on [her] vagina," both over and underneath her underwear.

Based on this evidence, the court scored 50 points for OV 11. Specifically, the court determined that the first penile-vaginal penetration was the act underlying the CSC conviction. The court determined that the second penile-vaginal penetration occurred "approximately ten minutes" later and was an additional penetration arising out of the sentencing offense. The court also found that a digital-vaginal penetration had occurred, amounting to two criminal sexual penetrations in addition to the sentencing act.

## II

> This Court reviews de novo questions of statutory construction. This Court reviews a trial court's scoring of a sentencing guidelines variable for clear error. This Court reviews a sentencing court's scoring decision to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score. [*People v Johnson*, 298 Mich App 128, 130; 826 NW2d 170 (2012) (quotation marks and citations omitted).]

The trial court's factual determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

MCL 777.41 provides for the scoring of OV 11 as follows:

> (1) [OV] 11 is criminal sexual penetration. Score [OV] 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

> (a) Two or more criminal sexual penetrations occurred ............... 50 points

> (b) One criminal sexual penetration occurred .............................. 25 points

> (c) No criminal sexual penetration occurred .................................. 0 points

> (2) All of the following apply to scoring offense variable 11:

> (a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

> (b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

> (c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

McNees urges that no points could be assessed for OV 11. He contends that there was no evidence of digital penetration and that the ten minutes separating the two penile penetrations meant that the second did not arise out of the first. McNees is partially correct.

Contrary to McNees's arguments, the second act of penile-vaginal penetration did arise out of the sentencing offense. " 'Arise' is defined as 'to result; spring or issue.' The Court of Appeals has explained that the language 'arising out of the sentencing offense' means that the 'sexual penetration of the victim must result or spring from the sentencing offense.' " *People v Johnson*, 474 Mich 96, 100; 712 NW2d 703 (2006) (citations omitted). When all sexual penetrations perpetrated by a defendant against the victim occurred at the same place, under the same set of circumstances, and during the same course of conduct, the sexual penetrations unambiguously fall within the scope of sexual penetrations of the victim by the offender arising out of the sentencing offense. See *People v Mutchie*, 251 Mich App 273, 277; 650 NW2d 733 (2002).

The victim described a single, continuous event of sexual assault. The assault began with unconsented sexual touching and moved into sexual penetration, first on the couch and then on a chair. Although the court found that the two acts of penile-vaginal penetration occurred 10 minutes apart, this finding was not supported by the evidence. The victim testified that the first penetration lasted approximately 10 minutes. McNees then moved the victim to a chair and again penetrated her vagina with his penis. There was no separation in time between the two. This act was properly counted as one sexual penetration in addition to the sentencing offense.

However, the victim's description of events does not support the trial court's finding of digital penetration. "Sexual penetration" means "any . . . intrusion, however slight, of any part of a person's body . . . into the genital . . . openings of another person's body." MCL 750.520a(r). This includes even a slight penetration of the labia majora. *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012); *People v Bristol*, 115 Mich App 236, 238; 320 NW2d 229 (1981). However, there must be a penetration; rubbing one's hand over another's vaginal area does not suffice. Penetration is more than "mere contact." *People v Payne*, 90 Mich App 713, 722; 282 NW2d 456 (1979). The victim described that McNees's "hand was rubbing on my vagina." She did not describe an intrusion, however slight. This description did not support the finding of digital penetration.

Based on the evidence, a score of 25 points for OV 11 was warranted, reflecting one sexual penetration in addition to the sentencing offense. MCL 777.41(1)(b). The reduction of 25 points brings McNees's total OV score to 60 and reduces his OV Level from V to IV. This alters the advisory minimum sentencing guidelines range from 135 to 225 months to 126 to 210 months. Therefore, resentencing is required. See *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006).

We vacate McNees's sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan